

North America   Europe   Asia

275 Middlefield Road
Suite 205
Menlo Park, CA 94025
T +1 650 858 6500
F +1 650 858 6550

KELLY C. HUNSAKER
Partner
D +1 650 858 6512
KHunsaker@winston.com

December 20, 2021

**By ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square New York, NY 10007

> Plaintiff is ordered to file a response letter indicating its position on Defendant's motion to stay discovery pending resolution of Defendant's motion to dismiss on or before January 3, 2022. If Plaintiff fails to file a response letter, the Court will consider the motion to stay unopposed. **SO ORDERED:** 12/27/2021
>
> *[signature]*
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

  Re: *mCom IP, LLC v. Blend Labs, Inc.*, **No. 21-7975 (VSB)**

Dear Judge Broderick:

  Defendant Blend Labs, Inc. respectfully submits this letter motion to stay discovery pursuant to Rule 4(G) of the Court's Individual Rules and Practice in Civil Cases. For the reasons set forth below, the Court should issue an order staying discovery pending resolution of Blend's Motion to Dismiss for Failure to State a Claim Based on Patent-Ineligibility Under 35 U.S.C. § 101, filed today, which seeks dismissal of Plaintiff mCom IP, LLC's complaint (D.I. 1) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

  This Court has stayed discovery pending motions to dismiss in analogous circumstances. *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *1 (S.D.N.Y. May 10, 2021). "Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery for 'good cause.'" *Id*. at *2 (quoting Fed. R. Civ. P. 26(c)). "If a motion to dismiss is pending, 'courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Id.* (quoting *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016)). All three factors favor a stay in this case.

  ***First***, Blend has made a strong showing that Plaintiff's claim is unmeritorious. To find that this factor favors a stay, the Court need "not address[] the merits of [Blend]'s motion to dismiss," but need only conclude, "after an initial review . . . [that] it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Id.* (quoting *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citation omitted)); *see also Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay where "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss"); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)


(granting stay where defendant "put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law").

Here, Blend's motion to dismiss is potentially dispositive because it seeks dismissal of Plaintiff's complaint for patent infringement in its entirety and with prejudice under Rule 12(b)(6). Further, Blend's motion is "not unfounded in the law." *Alapaha*, 2021 WL 1893316, at *2. On the contrary, Blend's motion is strongly supported by the applicable case law. As explained in detail in Blend's memorandum of law in support of its motion, the sole asserted patent in this case is facially directed to an abstract idea that is unpatentable under 35 U.S.C. § 101—i.e., targeting marketing content to users—and recites no inventive concept beyond the abstract realm. Both the Federal Circuit and district courts have repeatedly invalidated patent claims that are legally indistinguishable from those asserted in this case, including at the pleadings stage on Rule 12 motions. *See, e.g.*, *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 884 (Fed. Cir. 2019) (affirming Rule 12(b)(6) dismissal and invalidating "patents [that] describe tracking a user's computer network activity and using information gained about the user to deliver targeted media, such as advertisements"); *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1362-63 (Fed. Cir. 2020) (invalidating claims "directed to the abstract idea of using a computer to deliver targeted advertising to a user"); *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016) (affirming judgment on the pleadings and invalidating patents because "tailoring of content based on information about the user . . . is an abstract idea that is as old as providing different newspaper inserts for different neighborhoods"); *Quantum Stream Inc. v. Charter Commc'ns, Inc.*, 309 F. Supp. 3d 171, 173 (S.D.N.Y. 2018) (granting dismissal under Rule 12(b)(6) and invalidating patents directed to "the abstract idea of custom advertising, including when advertising is directed to a user based upon qualities of the user, such as the user's selection of other content").

**Second**, allowing discovery to proceed at this stage would be substantially burdensome to Blend. "Discovery in a patent case is typically complex, voluminous, and contentious," often targeting "information clients consider highly sensitive—specifically, highly confidential technical and financial information." *Discovery in a Patent Case*, 9 Bus. & Com. Litig. Fed. Cts. § 98:23 (4th ed. 2020). Moreover, the dispositive nature of Blend's motion to dismiss further highlights the prejudice that would result from proceeding with discovery at this early stage. *See HAHA Glob., Inc. v. Barclays*, No. 1:19-CV-04749-VEC-SDA, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("[B]ecause the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case,' the Court finds that proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants.") (quotation omitted); *Spinelli*, 2015 WL 7302266, at *2 ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.").

**Third**, Plaintiff would not suffer any unfair prejudice from a stay. Plaintiff does not and cannot contend that there is any urgency to its claim of patent infringement. Plaintiff has not sought a preliminary injunction, and has already agreed to a 45-day extension of time for Blend's responsive pleading. *See* D.I. 11. Moreover, "a stay pending determination of a dispositive



motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2 (quotation omitted). "At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Id.*; *see also O'Sullivan v. Deutsche Bank AG*, No. 17-CIV-8709-LTS-GWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.")

Accordingly, Blend respectfully requests that the Court stay discovery pending resolution of its motion to dismiss.

Respectfully submitted,

/s/ Kelly C. Hunsaker
Kelly C. Hunsaker
*Counsel for Defendant Blend Labs, Inc.*

cc: David Hoffman, Esq. (by ECF)